TACIE McD. HARPER, Appellant, *v.* LELLIE DOWDNEY,
Administratrix, etc., *et al.*, Respondents.

*Court of Appeals, April* 16, 1889

Affirming 47 Hun, 227.

1. *Covenants. Incumbrances.*—No tax or assessment can exist so as to be
   a lien or incumbrance within the meaning of a covenant against them,
   until the amount thereof shall be ascertained or determined.
2. *Same.*—Where a deed is executed and delivered in performance of a
   contract to convey containing a covenant against incumbrances prior
   to the apportionment and imposition of a paving assessment upon the
   persons and property benefited, there is neither a breach of contract
   nor of covenant.

Appeal from a judgment of the general term of the su-
preme court in favor of the defendants, entered upon an
agreed case submitted under section 1279 of the Code of
Civil Procedure.

The facts submitted were as follows:

*First*, One Abraham Dowdney from March 25, 1881, to
April 19, 1883, was the owner of a certain lot of land, situ-
ated in the nineteenth ward of the city of New York, and
while he was such owner the board of aldermen of that
city, on the 6th day of December, 1881, "in accordance

with the provisions of chapter 335, Laws of 1873 (New York City Consolidation Act of 1882, §§ 74, 75, 878, 879, and 86), subdivision 9, duly passed an ordinance that Fourth avenue be paved with granite block pavement between Seventy-second and Ninety-sixth streets, with a foundation of concrete, and that crosswalks be laid, and that for the more speedy execution of said work the same should be done at the expense of the city on account of the persons respectively upon whom the same may be assessed, and the said ordinance was approved by the mayor of said city, in due course.

The work was completed on the 10th of November, 1882, and on the 22d day of December, 1882, the commissioner of public works, the head of the department charged with the execution of said work, pursuant to section 5, chapter 556, of the Laws of 1880 (New York City Consolidation Act of 1882, § 868), certified in writing, to the board of assessors, that the total amount of all the expenses which had been actually incurred by the mayor, aldermen and commonalty, on account thereof, was the sum of $133,500.12 and that the work had been completed and had been accepted by the said department.

In January, 1883, the contractor was fully paid by the city.

On the 17th day of March, 1883, the comptroller of the city of New York, pursuant to the last above-mentioned act, certified to the board of assessors by his certificate in writing, bearing date on that day, that the amount of the interest at the legal rate upon the several instalments advanced, or payments made, on account of such work, from the time of such payment or advance by the city to a day sixty days after the date of the certificate, was the sum of $4,196.30.

These two sums, amounting to $137,696.42, were the only expenses incurred in connection with the work.

*Second.* On the 27th day of March, 1883, the plaintiff entered into a contract with Dowdney for the purchase of

the lot above referred to, at the price of $37,500, and in consideration thereof he agreed to convey the same to her by deed containing a general warranty and the usual full covenants for the conveying and assigning to her the fee simple of the premises free from all encumbrances, except a certain described mortgage, and on the 19th of April, 1883, he performed on his part by the execution and delivery of such a deed, containing, among others, a covenant that the premises "were then free, clear and discharged of," among other things, all "charges, * * * taxes, assessments and incumbrances of what kind soever, except said mortgage."

On the 27th day of November, 1883, an apportionment of said sum of $137,696.42, upon the persons and property benefited, as required by section 270, chap. 86, Rev. Laws of 1813 (N. Y. City Consolidation Act, § 879), and by section 5, chap. 556, Laws of 1880 (Consolidation Act, §§ 868, 869), was made by the board of assessors, and the proportion thereof assessed upon the premises conveyed to the plaintiff was the sum of $974.30.

On the 18th of July, 1885, the assessment was confirmed and its title was entered, with date of its entry and date of confirmation, in the record of titles of assessments confirmed, kept in the office of the bureau of the clerk of arrears of the comptroller's office, on the 14th day of January, 1887, pursuant to sections 885 and 915 of said consolidation act. No assessment was made either against Mrs. Harper or Mr. Dowdney personally as owners, but the plaintiff on the 7th of September, 1887, paid to the city the amount so assessed upon the premises, with interest, in all $971.05.

Abraham Dowdney died intestate in 1886, and the defendants were appointed and qualified as administrators of his estate.

Upon this case the question submitted is, "Did the facts existing on the 19th day of April, 1883, the day of the delivery of the conveyance from Abraham Dowdney to Tacie

McD. Harper, or at any time prior thereto, constitute upon, or after, such delivery a breach of the said contract of sale, or of one or more of the covenants of the said deed as set forth above?"

If this question is to be answered in the affirmative, the plaintiff is to have judgment for the amount paid by her, with interest; if in the negative, the defendants are to have judgment; but, in either event, without costs.

The court below gave judgment for the defendants.

*Mr. Deyo*, for appellant.

*Mr. Doherty*, for respondents.

DANFORTH, J.—Facts substantially like those presented in this case, so far as the assessment proceedings are concerned, were brought before us by Abraham Dowdney, in his action against the city of New York, and upon similar covenants, they raised the same question of law. The supreme court was of the opinion that the covenants gave no right to the relief sought, and so far this court agreed, but upon other circumstances of the case, admitted by demurrer, the court differed, and the plaintiff's action was maintained.

Those circumstances do not exist here, and the principle enunciated by both courts in deciding the first point was not, as the appellant's counsel supposes, *obiter*, but essential to the decision then made.

The rule there declared is easily understood and plain in its application. It was held that no tax or assessment could exist so as to be a lien or incumbrance within the meaning of a covenant against them until the amount thereof should be ascertained or determined. To the same effect is our decision in Lathers *v.* Keogh (109 N. Y. 583; 16 N. Y. State Rep. 178). In the case at bar, this was not done until November 27, 1883, when the apportionment

was made and the assessment imposed upon the premises. The contract was merged in the deed, and the deed was executed and delivered in April preceding this apportionment. There was, therefore, neither a breach of contract nor of the covenant.

Consequently, the appeal fails, and the judgment of the court below should be affirmed.

All concur.